UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| VINCENT PEGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00154-TWP-KMB |
| ) | |
| BURRIELL Officer, ) | |
| REESE Officer, ) | |
| BOONE Officer, ) | |
| O'BRIAN Officer, ) | |
| THOMPSON Officer, ) | |
| RUGGE C.O., ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING COMPLAINT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court for screening of Plaintiff Vincent Pegan's (Mr. Pegan") Second Amended Complaint (Dkt. 28). Mr. Pegan is a "prisoner" currently incarcerated at Floyd County Jail ("FCJ"). He filed this civil action pursuant to 42 U.S.C. § 1983, alleging the Defendants—correctional officers employed at FCJ—subjected him to unconstitutional conditions of confinement. (Dkt. 1). The Court issued a screening order on April 25, 2025, dismissing Mr. Pegan's claims and granting him leave to amend his complaint. (Dkt. 23). The operative Second Amended Complaint,[1] is subject to screening in accordance with 28 U.S.C. § 1915A(a), (c). For the reasons explained below, the Second Amended Complaint must be **dismissed**.

---

[1] Mr. Pegan has filed two amended complaints. (Dkts. 28 and 29). In this Order, the Court screens the Second Amended Complaint at Dkt. 29 because it contains the same claims as the first amended complaint and additional claims that the first amended complaint does not have.

1

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Second Amended Complaint

The Second Amended Complaint names four defendants: (1) Ofc. Boone; (2) Ofc. Reese; (3) Ofc. Burriell; and (4) Ofc. O'Brian. (Dkt. 29 at 1).[2] Mr. Pegan alleges that on November 4, 2024, Ofc. Boone and Ofc. Reese forced him to wear a soiled jumpsuit. *Id.* at 2. On November 5, 2024, Ofc. Thompson dropped Mr. Pegan's food and did not bring him a new tray. *Id.* That same day, Ofc. Reese, Ofc. Burriell, and Ofc. O'Brian insinuated that he would "have fun" where he was going because "he knows inmates that love people with my charges." *Id.*

Additionally, since filing his other lawsuits, officers at FCJ have harassed and threatened him. *Id.* at 3. Mr. Pegan claims that all of the officers at FCJ harass him—not just the Defendants

---

[2] Mr. Pegan's original complaint and his first amended complaint named six defendants. It appears that Mr. Pegan might have dropped the claims against Ofc. Thompson and Ofc. Rugge when he filed the second amended complaint because they no longer work at FCJ. See dkt. 28 at 3 ("I also need the court to know that Officer Thompson and Officer Rugge [do] not work at the Floyd County Jail [any] more.").

in the instant case. *Id.* FCJ also is not sending out Mr. Pegan's mail. *Id.* Rather, unspecified FCJ staff members are putting his mail in the trash. *See* dkt. 29 at 3 ("I want the courts to know that the Floyd County Jail is not sending out my mail and also putting my mail in the trash.") (spelling errors cleaned up).

Mr. Pegan seeks monetary damages and for the Defendants to apologize. *Id.* at 4.

### III. Dismissal of Amended Complaint

The Court **dismisses** Mr. Pegan's Second Amended Complaint for the following reasons.

First, Mr. Pegan has not addressed the deficiencies identified by the Court in its first screening order. *See* dkt. 23 at 3–5. Mr. Pegan's original complaint made the same factual allegations regarding Defendants' treatment of him on November 4 and November 5 of 2024. *See* dkt. 1 at 2–4. The Court dismissed these claims for failure to state a claim because they did not satisfy the *de minimis* threshold for constitutional violations. *See Brown v. Chicago Bd. of Educ.*, 824 F.3d 713, 714 (7th Cir. 2016) ("[N]ot everything that is undesirable, annoying, or even harmful amounts to a violation of the law, much less a constitutional problem[.]"); *Brandt v. Bd. of Educ. of City of Chi.*, 480 F.3d 460, 465 (7th Cir. 2007) ("[D]e minimis non curat lex (the law doesn't concern itself with trifles) is a doctrine applicable to constitutional as to other cases"). In determining whether a particular condition violates the Fourteenth Amendment, "it is appropriate to evaluate both its severity and duration." *Tesch v. Cnty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998). "Short-term impositions are simply part of the general level of discomfort that anyone can expect to experience while in custody." *Id.* In this case, the Second Amended Complaint has not added any allegations that show that the Defendants' conduct was severe or continued for more than one day.

3

Thus, the Court **dismisses** Mr. Pegan's claims against Ofc. Burriel, Ofc. Reese, Ofc. Boone, and Ofc. O'Brian for the same reasons stated in the original screening order. Additionally, because the Second Amended Complaint does assert any claims against Ofc. Thompson and Ofc. Rugge, the Court **dismisses** any claims against these officers for the same reasons stated in the original screening order.

Second, Mr. Pegan's additional claims regarding all officers at FCJ harassing him and throwing away his mail in recent months must be dismissed because they are misjoined. Liberally construing Mr. Pegan's complaint, the Court understands that he is trying to allege that the officers are retaliating against him in violation of his First Amendment rights. When screening complaints pursuant to 28 U.S.C. § 1915A(b), the Seventh Circuit has instructed district courts to review "whether joinder is proper under Rule 20 [of the Federal Rules of Civil Procedure] before considering the merits" of the claims as required by 28 U.S.C. § 1915A. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022); *see also Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").[3]

Rule 20 permits a plaintiff to join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the

---

[3] As a way to avoid misjoinder, Mr. Pegan may not replace the previously dismissed claims regarding the events of November 4 and 5 of 2024 with the new retaliation claims. Courts have not allowed plaintiffs to use amended complaints to fundamentally transform the nature of the lawsuit. *See, e.g.*, *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982) (upholding the lower court's decision to deny the plaintiffs' movement to amend where the judge found that the plaintiffs "were not attempting to simply join an additional defendant, but instead were attempting to transform the nature of the lawsuit from a malpractice action against a pharmacist to a products liability action against a manufacturer"); *Caton v. Barry*, 500 F. Supp. 45, 54 (D.D.C. 1980) (denying motion to amend where "[t]he proffered joinder and amendment would substantially alter the character and scope of the proceedings"); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "[M]ere overlap between defendants is not enough." *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020).

The Second Amended Complaint violates Rule 20 by advancing unrelated claims against separate defendants based on two separate events. First, Mr. Pegan alleges that the four Defendants subjected him to unconstitutional conditions of confinement by threatening him and forcing him to wear a soiled uniform on November 4 and 5 of 2024. Then, Mr. Pegan alleges that all officers at FCJ have retaliated against him for filing his other lawsuits. Even though these two events may have happened during the same time period, they do not arise out of the same "transaction" for the purposes of Rule 20. "Transaction" and "occurrence" involve "all 'logically related' events entitling a person to institute a legal action against another[.]" *Robinson v. Dart*, 2014 WL 222711, at *2 (N.D. Ill. Jan. 21, 2014) (quoting *Mosely v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). Events are logically related when "the alleged conduct occurred during the same general time period, involved the same people and similar conduct, and implicated a system of decision-making or widely-held policy[.]" *Id.* (internal quotations omitted). In contrast, events are not logically related when they would involve "individual fact finding and discovery," "different witnesses and testimony," and "separate questions." *Id.* (internal quotations omitted). Here, these two events are not logically related because they do not involve similar conduct—the claims against the four Defendants involve two days of unconstitutional conditions while the claims against the remaining officers at FCJ involve an ongoing campaign to retaliate against Mr. Pegan for filing several lawsuits. Thus, discovery and fact-finding for the claims would have to focus on distinct facts and witnesses. As such, the events are not logically related so as to comprise the same "transaction."

Furthermore, Mr. Pegan's claims do not satisfy the second prong of the Rule 20 analysis; they do not share a common question of fact or law. Mr. Pegan's claims about the four defendants involve their alleged violation of the Fourteenth Amendment's due process clause for subjecting Mr. Pegan to unreasonable punishment. Meanwhile, his claims against all officers at FCJ invoke the First Amendment's protection against retaliation.

Even if the complaint were to satisfy Rule 20, the Court would use its discretion to sever the Second Amended Complaint to prevent unwieldy litigation and promote judicial efficiency. *See Dorsey*, 55 F.4th 1094, 1103 (7th Cir. 2022) ("A district court may, in its discretion, deny joinder even if the Rule 20(a)(2) requirements are met."); *Vermillion v. Levenhagen*, 604 F. App'x 508, 513 (7th Cir. 2015) (explaining that properly joined claims "do not necessarily have to proceed together. Under Rule 21 the district court has the discretion to sever any claims that are discrete and separate in the interest of judicial economy and to avoid prejudice") (internal citation omitted)). Thus, the Court **dismisses without prejudice** Mr. Pegan's First Amendment claims against all officers at FCJ as misjoined.

## IV. Conclusion

For the above stated reasons, the Court **dismisses with prejudice** Mr. Pegan's Second Amended Complaint against Ofc. Burriel, Ofc. Boone, Ofc. Reese, Ofc. O'Brian, Ofc. Thompson, and Ofc. Rugge **for failure to state a claim upon which relief can be granted**. Mr. Pegan's First Amendment claims against all officers at FCJ are **dismissed without prejudice for misjoinder.** Final judgment shall issue by separate entry.

**IT IS SO ORDERED.**

Date: 7/7/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

VINCENT PEGAN
121899
FLOYD COUNTY JAIL
FLOYD COUNTY JAIL
Inmate Mail/Parcels
311 Hauss Sq.
New Albany, IN 47150